MINUTE ENTRY
KNOWLES, M.J.
FEBRUARY 24, 2010

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DARLEEN DANENHOWER**                              **CIVIL ACTION**

**VERSUS**                                          **NO. 08-4014**

**HERTZ 909 POYDRAS, L.L.C., ET AL.**               **SECTION "S" (3)**

## ORDER

On this date, plaintiff's Motion to Extend Expert Deadline [Doc. #39] came on for oral hearing before the undersigned. Present were J. Courtney Wilson for plaintiff and Amanda Schenk for defendant Hertz 909 Poydras, L.L.C. ("Hertz"). For the following reasons, the Court DENIES the motion.

Plaintiff is a former employee of Tidewater, Inc. ("Tidewater"). She worked in a number of positions during her 35 years of employment before her retirement effective January 1, 2009. For approximately 12 years, plaintiff worked in a satellite office owned by defendant Hertz at 909 Poydras Street (not at Tidewater's main facilities). Plaintiff alleges that while working there, she developed or exacerbated an allergic condition due to environmental conditions in the office and/or building. She sued Hertz for damages arising out of the alleged environmental conditions. She also sued Tidewater, alleging age discrimination and disability discrimination.

MJSTAR(00:11)

Plaintiff's expert reports were due on December 23, 2009. Plaintiff filed this motion on ***February 3, 2010*** to extend the deadline on several grounds, none of which constitutes good cause under Federal Rule of Civil Procedure 16. Rule 16(b) of the Federal Rules of Civil Procedure allows a modification of the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). The party moving for modification carries the burden of demonstrating good cause. *See S & W Enters., L.L.C. v. S.W. Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). In *Reliance Insurance Co. v. Louisiana Land & Exploration Co.*, the United States Court of Appeals for the Fifth Circuit set forth four factors to consider when analyzing whether good cause exists to modify a scheduling order: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The Fifth Circuit explained that the first and third factors weigh against modification of the schedule and stated that "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Id* . at 257-58.

Plaintiff provides the Court with no explanation as to why she could not have filed her expert report on time. Indeed, plaintiff did not file ***the motion*** to extend the expert report deadline until almost a month and a half after the reports were due. Plaintiff argues that (1) there is currently no explanation by an industrial hygienist ("IH") for her sensitivity to odors; (2) there are now issues as to which defendant cleaned which sections of the building; (3) another possible cause of plaintiff's hypersensitivity has emerged – overflows in both the men's and women's bathrooms; (4) a mold condition at plaintiff's home after Katrina may be a competing cause of plaintiff's ailment;

2

and (5) her doctor now refuses to testify.

While defendant Hertz contends that plaintiff knew of these issues before her expert-report deadline, an argument that plaintiff fails to rebut, the fact that gives the Court pause is plaintiff's designated expert's refusal to testify. But defendant has attached a May 15, 2008 letter from the expert to plaintiff, in which the expert notes that he can not write the letter that she requested because he does not agree with the idea that she is at risk for emphysema. (Ex. 1, attached to Def's. Opp.). The expert notes that he hopes "this explains [his] position and concerns that [he] could possibly hamper [her] efforts rather than help." (*Id.*). Plaintiff should have known -- or at least have been on guard -- at this point that her expert may refuse to testify.

The Court notes that defendant has timely filed its report. Defendant would therefore suffer prejudice if plaintiff's late expert report produced testimony or evidence to which defendants would need to respond before trial (*e.g.*, re-deposing experts). The Court would then have to extend the discovery deadline and all other dates. While a continuance could cure the prejudice, this case has been pending since July 2008. Accordingly, the first and third factors weigh against modification of the scheduling order here.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**